IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANIE STACEY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:21-cv-01831-M |
| THE VALCAP GROUP LLC, | § § § | |
| Defendant. | § § § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss, filed by Defendant The ValCap Group, LLC (ECF No. 8). For the reasons stated below, the Motion is **DENIED.**

**I. BACKGROUND**

Plaintiff Janie Stacey alleges that she started working for Defendant on August 17, 2020. ECF No. 1 ("Compl.") ¶ 8. On October 12, 2020, Plaintiff allegedly notified Defendant's owner that her son's classmate had tested positive for COVID-19, and requested permission to work remotely. *Id.* ¶¶ 10. Plaintiff alleges that three days later, on October 15, 2020, she received an email from Defendant's human resources representative, who stated that Plaintiff's resignation had been received and Defendant would be ending Plaintiff's employment effective immediately. *Id.* ¶ 11. Defendant subsequently sent Plaintiff a separation agreement and instructions on how to return company property. *Id.* ¶ 12. Plaintiff alleges that after she declined the separation agreement and expressed her intention to seek advice of legal counsel, Defendant stated that Plaintiff misread the email, and that they were allowing Plaintiff to work from home as a consultant. *Id.* ¶ 14. The next day, the human resources representative again emailed Plaintiff

1

and stated that because Defendant had not heard from Plaintiff, Plaintiff's employment was terminated.  *Id.* ¶ 16.

Plaintiff filed suit on August 5, 2021, seeking monetary damages pursuant to the Emergency Paid Sick Leave Act ("EPSLA") of the Families First Coronavirus Response Act ("FFCRA") Pub. L. No. 116-127, 134 Stat. 178 (2020).  *Id.* ¶ 1.  Plaintiff alleges that Defendant improperly denied her paid leave under EPSLA/FFCRA, and improperly retaliated against her by terminating her employment after she requested leave to which she alleges she was entitled.  Defendant moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's claims rely solely on violations of the EPSLA and FFCRA, neither of which provide a private right of action, and accordingly, Plaintiff fails to state a claim for relief.  ECF No. 8; ECF No. 9, at 2.

## II.   LEGAL STANDARD

Rule 12(b)(6) authorizes dismissal for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The Court must "constru[e] all factual allegations in the light most favorable to the plaintiffs."  *Kopp v. Klein*, 722 F.3d 327, 333 (5th Cir. 2013).  The Court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  For a complaint to survive a Rule 12(b)(6) motion, it must contain "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  A facially plausible complaint "must allege more than labels and conclusions, . . . factual allegations must be enough to raise a right to relief above the speculative level."  *Jabaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

**III.   ANALYSIS**

The sole argument raised by Defendant is that the FFCRA and EPSLA do not create an independent right of action, and that Plaintiff is required to file suit through other statutes—namely, the Fair Labor Standards Act ("FSLA")—to enforce her claims.  ECF No. 9 at 2.  For support, Defendant cites the temporary regulations promulgated by the Department of Labor implementing emergency paid sick leave to assist working families facing public health emergencies arising out of the COVID-19 global pandemic.  *See id.* (citing *Paid Leave Under the Families First Coronavirus Response Act*, 85 Fed. Reg. 19,326, 19,340 (Apr. 2, 2021)).  According to Defendant, because the FFCRA amended the FLSA, the only way to enforce the FFCRA is through that statute, and because the Complaint lacks any reference to the FLSA, Plaintiff does not state a claim for relief.[1]  ECF No. 16 at 1.

The Court concludes that Plaintiff has sufficiently stated a claim for relief for violations of the EPSLA, and that the absence of any express reference to the FLSA does not render her Complaint deficient under Rule 12(b)(6).  The text of the EPSLA provides that an employer who violates its provisions shall be considered to have violated the FLSA and will be subject to the FLSA's enforcement provisions:

> SEC. 5105. ENFORCEMENT.
>
> (a) UNPAID SICK LEAVE.—An employer who violates section 5102 shall—
>
>> (1) be considered to have failed to pay minimum wages in violation of section 6 of the Fair Labor Standards Act of 1938 (29 U.S.C. 206); and

---

[1] Defendant also argues that Plaintiff fails to state a claim because she does not mention the Family Medical Leave Act.  ECF No. 16 at 1.  The FFCRA expanded the Family Medical Leave Act through the Emergency Family and Medical Leave Expansion Act.  However, Plaintiff's Complaint does not refer to or seek relief based on the Emergency Family and Medical Leave Expansion Act, and instead only references the EPSLA.  *See generally* Compl.  Accordingly, the Court need not reach the question of whether Plaintiff has stated a claim under the Family Medical Leave Act or the Emergency Family and Medical Leave Expansion Act.

>> (2) be subject to the penalties described in sections 16 and 17 of such Act (29 U.S.C. 216; 217) with respect to such violation.
>
> (b) UNLAWFUL TERMINATION.—An employer who willfully violates section 5104 shall—
>
>> (1) be considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. 215(a)(3)); and
>>
>> (2) be subject to the penalties described in sections 16 and 17 of such Act (29 U.S.C. 216; 217) with respect to such violation.

Families First Coronavirus Response Act, Pub. L. No. 116-127, 134 Stat. 178, 197 (2020).

Moreover, the regulations pointed to by Defendant expressly provide that employers who violate EPSLA are considered to have violated the FLSA, and are subject to the FLSA's enforcement mechanisms. *E.g.*, *Paid Leave Under the Families First Coronavirus Response Act*, 85 Fed. Reg. at 19,327 ("EPSLA . . . provides that employers who fail to provide paid sick leave as required are considered to have failed to pay minimum wages in violation of section 6 of the FLSA, and that such employers are subject to enforcement proceedings described in sections 16 and 17 of the FLSA." (citing 29 U.S.C. §§ 206, 216, 217)).

Section 16 of the FLSA expressly creates a private right of action for employees. 29 U.S.C. § 216 ("An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). Accordingly, both the text of the EPSLA and the accompanying regulations make clear that the EPSLA incorporates the FLSA's private right of action, such that violations of the EPSLA are considered to be violations of the FLSA. Construing the Complaint in the light most favorable to the Plaintiff, the Court concludes that the Plaintiff has stated a claim for relief for unpaid wages and unlawful termination in violation of the EPSLA, which is considered to be a violation of the FLSA and subject to the FLSA's enforcement provisions, including a private right of action. Because Defendant raises no other basis for dismissal, the Motion must be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED.**

**SO ORDERED**.

December 27, 2021.

_____
BARBARA M. G. LYNN
CHIEF JUDGE

5