### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **JANIE STACEY,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CIVIL NO. 3:21-CV-1831-M-BK** |
| | § | |
| **THE VALCAP GROUP, LLC,** | § | |
| **DEFENDANT.** | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for pretrial management, including the issuance of findings and a recommended disposition. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for want of prosecution.

When Plaintiff filed this action in August 2021, she was represented by counsel. In April 2022, her attorney moved to withdraw, citing Plaintiff's failure to respond to discovery requests and his inability to contact her despite repeated attempts. Doc. 22. The Court permitted counsel to withdraw and issued an order directing Plaintiff, now proceeding *pro se*, to register to use the Court's electronic filing system, lest her case be dismissed without prejudice. Doc. 25. To date, Plaintiff has not done so.

In October 2022, Defendant filed a motion to compel, asserting that Plaintiff had not responded to any of its discovery requests. Doc. 28. When Plaintiff failed to file a response, the Court granted Defendant's motion and ordered Plaintiff to respond to the discovery requests by November 30, 2022. Doc. 30. In December 2022, Defendant notified the Court that Plaintiff had not complied with the Court's order. Doc. 31.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the Court's orders. She has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice due to Plaintiff's failure to comply with a court order and for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for want of prosecution.

**SO RECOMMENDED** on February 8, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

3